**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLEN HUGHES,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LIBERTY MUTUAL PERSONAL** | : | |
| **INSURANCE COMPANY,** | : | |
| *Defendant.* | : | **NO. 23-cv-03934** |

**MEMORANDUM**

**KENNEY, J.**                                                                    **JUNE 5, 2024**

Plaintiff in this breach of insurance contract case requests that the Court reconsider its order preventing Plaintiff from using late-filed discovery in his compulsory arbitration trial. For the reasons stated below, the Court will deny the motion.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Allen Hughes initially filed this action in the Philadelphia County Court of Common Pleas on September 1, 2023, alleging that Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual") had failed to provide required coverage under a homeowner's insurance policy maintained by Hughes. ECF No. 1, Ex. A. The property damage that is the subject of this lawsuit occurred on March 3, 2023. *Id.* ¶ 4. Liberty Mutual filed a Notice of Removal on October 11, 2023 based on diversity jurisdiction, since Hughes is a Pennsylvania citizen and Liberty Mutual is a New Hampshire company with its principal place of business in Massachusetts. ECF No. 1. Pursuant to Local Rule 53.2(3)(C)(1), the Clerk of Court filed a notice on the docket the following day, indicating that the damages were presumed to be less than $150,000, and unless

1

the parties filed a certification to the contrary, the case would proceed to arbitration. ECF No. 5. The parties did not file any such certification, and the case proceeded to arbitration.

Liberty Mutual filed a Motion to Dismiss on November 29, 2023, which was denied without prejudice on December 1, 2023. ECF Nos. 14-15. Liberty Mutual then filed an Answer to the Complaint on December 15, 2023. ECF No. 16. The arbitration was initially scheduled for April 18, 2024, but upon request of counsel was re-scheduled to May 21, 2024. ECF Nos. 19, 23-25.

On May 13, 2024, Defendant filed a motion to compel, claiming that Plaintiff had not yet produced a full damages estimate and requesting that the Court prohibit Plaintiff from using any discovery materials produced after May 10, 2024. ECF No. 27. The Court granted that motion the following day. ECF No. 28. Plaintiff in turn filed a parallel motion to compel on May 17, 2024, seeking to prevent Defendant from using any discovery produced after May 17th. ECF No. 29. The Court granted that Motion as well. ECF No. 31.

The arbitration took place on May 21, 2024, and after the award was entered, Plaintiff filed a request for a trial de novo with this court. ECF Nos. 33-34.

On May 24, 2024, Plaintiff filed the instant motion for reconsideration requesting vacatur of the Order limiting the use of evidence produced after May 10, 2024 (ECF No. 28) in their trial de novo, and also requesting an additional 14 days to complete discovery. Plaintiff argues that he produced his interrogatory responses and responses to requests for production on May 10, 2024, and Defendant nevertheless filed its motion to compel/for sanctions on May 13. ECF No. 36 ¶¶ 9, 10. Plaintiff also attached his damages estimate, by way of expert report, and stated that he provided the damages estimate to Defendant "at the earliest possible moment." *Id.* ¶ 16. Plaintiff notes that he had "substantial difficulty in obtaining an estimate of damages" and "[i]t was

consistently communicated to Defendant that every effort was being made to obtain such an estimate. *Id.* ¶¶ 6-7. Plaintiff also maintains that "[a]s of the starting date and time of the arbitration, all defects in Plaintiff's [d]iscovery obligations have been cured." *Id.* ¶ 17.

## II.   STANDARD OF REVIEW

A motion for reconsideration should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (*quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

## III.   DISCUSSION

The local rules governing arbitration in this district provide that the parties "have ninety (90) days from the date the answer was filed to complete discovery unless the judge to whom the case has been assigned orders a shorter or longer period of discovery." Local Rule of Civil Procedure 53.2(4)(A). This language was echoed in both Notices of Arbitration Hearing filed by the clerk's office on January 25, 2024, and March 28, 2024, respectively, which stated that "discovery must be completed within ninety (90) days of the date the answer was filed, unless otherwise ordered by the assigned judge." ECF Nos. 19, 25. The Answer in this action was filed on December 15, 2023 (ECF No. 16), placing the discovery deadline on March 14, 2024. There were no requests or Orders on the docket concerning extending discovery.

Additionally, Local Rule 53.2(5)(E) provides that exhibits in the arbitration trial (except those intended solely for impeachment) "must be marked for identification and delivered to

adverse parties at least fourteen (14) days prior to the [arbitration] trial." In this case then, the parties should have exchanged exhibits no later than May 7, 2024.

Plaintiff's expert report indicates that the claim was received by the expert on May 9, 2024, the expert's inspection took place on May 17, 2024, and the report was submitted to Plaintiff on May 20, 2024, just one day before the arbitration.[1] ECF No. 36, Ex. D at 1-2; *see also* ECF 39 ¶ 16. Plaintiff appears to argue that since the Court's Order referring the case to arbitration only said that evidence shall be exchanged "in advance" (ECF No. 20), and since "[a]s of the starting date and time of the arbitration, all defects in Plaintiff's [d]iscovery obligations have been cured" (ECF No. 36 ¶ 17), Plaintiff was only obligated to provide discovery materials to Defendant at *any point* prior to the trial. However, this ignores the deadlines provided in the local rules. Plaintiff was engaged in discovery well after the discovery deadline and only *submitted a claim* to his expert *after* the deadline to exchange trial exhibits, with the expert report completed less than 24 hours before the arbitration was scheduled to begin.[2]

Although Plaintiff complains that Defendant improperly withheld discovery, the timeliness of Defendant's productions is not the subject of this motion.[3] Indeed, the Court also granted Plaintiff's motion to exclude Defendant's late-produced discovery since both parties are subject to the same rules concerning arbitration. *See* ECF No. 31. "The purpose of the [arbitration] program is to save litigants time and money by providing them with a prompt and less expensive alternative to a courtroom trial." *New England Merchants Nat. Bank v. Hughes*, 556 F. Supp. 712, 715 (E.D.

---

[1] Defendant states that it received the damages estimate at 3:33 P.M. on May 20, 2024. *See* ECF No. 39 ¶ 16; *see also id.* at Ex. C.

[2] The Court takes notice that Plaintiff's counsel entered his appearance on February 27, 2024 (ECF No. 22), but that does not explain counsel's failure to request an extension of the discovery period. The Court also observes that this case was filed in September 2023 regarding an incident that occurred in March 2023; Plaintiff had more than enough time to obtain a damages estimate.

[3] Moreover, Defendant produced Plaintiff's claim file on April 8, 2024. *See* ECF No. 39, Ex. A.

Pa. 1983). That purpose would be undermined if parties disregarded the discovery rules and deadlines and had an incomplete record at their arbitration trial, leading to a request for trial de novo to get a second attempt at producing discovery. Plaintiff has not pointed to any clear error of fact or law underlying the Court's decision, nor has he provided any good reason for allowing his late-produced discovery in clear violation of two separate local rules, and with lack of due regard for the goals of the compulsory arbitration process.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**. An appropriate Order will follow.

BY THE COURT:

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**